JOHN C. SCOTT, Respondent, v. THE BULLION MINING CO., Appellant.

When two cases are pending in the same Court, between the same parties, a deposition may be taken upon one notice, affidavit, and commission, to be read in both cases.

A deposition taken in one case may be used between the same parties in another ; so a deposition entitled in two cases between the same parties may be used in either.

Where the deposition of the same witness is taken twice, and it appears that the first examination covered the whole ground of controversy, and was regularly taken, the Court might, perhaps, with propriety refuse to hear the second deposition.   But if the first deposition is complete, the regular method would be to appear and contest the issuance of the second commission.

Appeal from the District Court of the First Judicial District, Hon. R. S. Mesick presiding.

*Williams & Bixler*, for Appellant.

Respondent waived any objections there might be to the taking of the deposition in this form by appearing and proposing cross-interrogatories, without objecting.

There is, in fact, no objection to entitling a deposition in two cases between the same parties, and involving the same issue of fact, to be read in each.   1 Greenleaf on Evidence, Secs. 552 to 554 ; 12

Sargent and Rawl. 80 ; 2 A. K. Marshall, 525 ; 4 Dana, 166 ; 5 B. Monroe, *Grigsby* v. *Daniel*, 435 ; 7 Monroe, 578 ; 2 Daniels' Ch. Pr., Perkins' edition, pp. 1011 to 1014.

  *C. E. DeLong*, for Respondent.

It was not proper to allow the deposition taken on commission to be read, because the deposition of the same witnesses had previously been taken when both parties were present, and a full cross-examination had.   And respondent offered to allow this prior deposition to be read, waiving all objections on the ground that it had been improperly in the hands of the appellant, and opened by its officers.

The law does not authorize the taking of one deposition for two cases.   The witness should be separately sworn to each case.   Appellant waived nothing by appearing when notified.   We do not object to the sufficiency of the notice and affidavit, but to the regularity of the commission.   The notice may have been sufficient, but regularly two commissions (one for each case) should have been issued.   The issuance of the commission was subsequent to time of respondent's appearance to the notice ; no irregularity in this was waived.

The rules regarding depositions in chancery cases are not applicable to actions at law.   The authority for reading depositions in a court of law can only be found in the statute.   *McCann* v. *Beach*, 2 Cal. 25 ; *Dye* v. *Bailey*, 2 Cal. 383.

  Opinion by LEWIS, C. J., full Bench concurring.

The principal question involved in this appeal, and the only one which we deem it necessary to pass upon, arises upon the ruling of the Court below in rejecting the depositions of Harter and Forcade. The objection urged against their admission by counsel for plaintiff was, that the affidavit, notice, and commission upon which the depositions were taken were all entitled in two different actions, viz : *John C. Scott* vs. *The Bullion Mining Company* and *The Bullion Mining Company* vs. *John C. Scott*.

These two actions, it appears, were pending in the same Court at the same time : the one an action for ejectment brought by Scott to recover a certain interest in the Bullion Company's mining ground,

and the other an action to quiet title brought by the Bullion Company against Scott. The defendant wishing the testimony of Harter and Forcade, who were residing in the State of California, made application for a commission for their examination. The notice of application, the affidavit of James M. Walker, upon which the application was made, and the commission, are all entitled, as before stated, in both actions. The notice informed the plaintiff, that upon the 9th day of March, A.D. 1865, application would be made to one of the District Judges of the County of Storey for a commission to take the deposition of Isaac M. Harter and Jacob Forcade in the two actions then pending between the plaintiff and defendant in the District Court of Storey County, i. e., *Scott* v. *Bullion Company* and *The Bullion Company* v. *Scott*, and the commission directs the commissioner to take the depositions of Harter and Forcade in answer to the interrogatories annexed, as witnesses in the two actions above mentioned. No cross-interrogatories were filed by the plaintiff. The depositions were taken and properly returned, but upon the trial, counsel for plaintiff objected to the reading of them, for the reason before stated. The objection was sustained, and this ruling is assigned as error. The objection was not well taken, and, in our opinion, the Court below erred in rejecting the depositions. Though the issuance of one commission in two or more cases, situated as these are, may not be commendable practice, we cannot say that it is not a substantial compliance with the statute. Section 380 of the Practice Act provides the manner in which the deposition of a person not residing in the State may be taken. That it shall be upon " commission issued from the Court under the seal of the Court upon an order of the Judge or Court, or Probate Judge, on the application of either party, upon five days' notice to the other." " It shall be issued to a person agreed upon by the parties, or, if they do not agree, to any Judge or Justice of the Peace selected by the officer granting the commission, or to a commissioner appointed by the Governor," etc. Unless it is claimed that a commission to take testimony in two actions is a commission in neither, it would seem that the proceedings to obtain the depositions in question were in substantial compliance with section 380.

The notice itself is unquestionably sufficient in either of the cases.

How, therefore, merely making it a notice in both, destroys it so that it is a notice in neither, we cannot see.

Hence, in our opinion, notice was given in both actions.   An affidavit was also made in both, and the commission authorizes and directs the commissioner to take the depositions in both case.   True, there was but one notice, one affidavit, and one commission in both cases, but the notice, affidavit and commission were all so formed as to answer all the requirements in both actions, and the mere fact that there was not a distinct set of these papers in each case should not prejudice the parties interested when the requirements of the law are substantially met by one set, as in this case.

But there is another reason for this view of the question.   The taking of testimony by deposition is purely a chancery practice, and was never recognized in the Courts of law until the innovation of the modern practice.

The Common Law recognized no testimony except such as was delivered *viva voce* in open court, whilst the Courts of Chancery have always possessed and exercised the power to issue commissions for the examination of witnesses, and the manner of executing the commissions and returning the same depended upon the rules and practice of the Court rather than upon any statutory provisions. (*Brown* v. *Southworth*, 9 Paige, 350.)   When, therefore, this practice of issuing commissions for the examination of witnesses and issuing depositions is extended to Courts of Law by statute, the same rules which govern the Courts of Chancery in receiving them should also be recognized by the Courts of Law in the absence of any direct statutory provisions.   For it seems to us the most obvious suggestion of reason, that when the Statute confers upon the Courts of Law any Chancery powers, the same rules by which the powers were exercised by Courts of Chancery should govern the Courts of Law in the exercise of them.   The Statute, of course, so far as it prescribes the mode of procedure, must be strictly complied with ; but beyond that, and in the absence of any statutory rules, the rules adopted in the Courts of Chancery should govern.   Our Statute only prescribes the manner in which depositions may be taken, and we are compelled to resort to the practice in chancery for the rules governing the use of them when so taken.   So far as the statutory requirements are concerned, they have been followed.   If then, by

the practice in chancery, the depositions of Harter and Forcade would be admissable, they were so in this case on the trial in the Court below. It is an old rule in Chancery that a deposition in one suit may be used in another between the same parties, where the same question is involved in both. (2 Daniels' Chancery Pr. 1011, 2 A. K. Marshall, 525.) Surely we can see no reason why one deposition which is taken in two cases cannot be used in either. Under that rule it was of no consequence what the title of the action might be in which the deposition was taken, to entitle a suitor to use it in another and entirely different action between the same parties—it was only necessary to show that both suits involved the same question.

There seems to be no good reason, then, why a deposition bearing the title of two actions should not be used in any action involving the same question between the same parties, and certainly not in either of the actions in which it was in fact taken. The case of 7 Monroe, 576, seems to be directly in point, sustaining our view of the question ; and we do not now see sufficient reason to justify us in disregarding its authority in this case.

There may have been good reasons for rejecting the second depositions, but none appear in the Transcript.

The ground taken by the Court below for its ruling is utterly untenable. If the first depositions were full and complete, covering all the points in the case, and there was no legal objection to their being used on the trial, it would have been proper for the Court to reject the second depositions and allow the first to be used ; although the better practice in such cases would be to appear and object to the issuance of the second commission. In this case, had it been shown that the first depositions contained a full and complete examination of the witnesses, and that there was no legal objection to their being used, we could not say that the Court below erred in ruling out the second depositions. This is not, however, shown ; and from the testimony and facts before us, it is impossible to say that the second was not issued for the purpose of taking the testimony upon some question omitted in the first depositions, or for the purpose of making some point more clear or explicit.

But as the reason upon which the Court below rejected the second deposition is untenable, and no other appearing in the Trans-

cript, we are compelled to reverse the judgment and award a new trial, and it is so ordered.